IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, its JOINT BOARD OF TRUSTEES, and DOUG CHRISTOPHER as Trustee, DISTRICT COUNCIL 16 NORTHERN CALIFORNIA APPRENTICE & JOURNEYMAN TRAINING TRUST FUND, and DOUG CHRISTOPHER as Trustee, RESILIENT FLOOR COVERING PENSION FUND, its BOARD OF TRUSTEES, and STEVE HAVENS, as Trustee, CENTRAL COAST COUNTIES FLOOR COVERING INDUSTRY PENSION FUND, its BOARD OF TRUSTEES, and STEVE HAVENS as Trustee, DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED CONCRETE TECHNOLOGIES, INC., a/k/a ADVANCED CONCRETE TECH, INC., <br><br> Defendant. | No. C 08-04430 WHA <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

In this ERISA action, employee-benefits plans and their trustees move for a default judgment against defendant Advanced Concrete Technologies, who never appeared in this action. Review of the *Eitel* factors favors entry of default judgment. Accordingly, plaintiffs' motion will be **GRANTED**. Furthermore, defendant Advanced Concrete Technologies will be ordered comply with its obligation to allow an audit of its contribution records within **TWENTY-ONE CALENDAR DAYS** of the date of personal service of this order.

**STATEMENT**

Plaintiffs in this action are employee benefit plans subject to ERISA and their trustees, various plans created by a bargaining agreement, and labor organizations. Defendant Advanced Concrete Technologies, Inc. ("ACT") is a California corporation with a "suspended" corporate status that, the complaint alleges, may be insolvent. As of March 11, 2009, however, defendant had not filed for bankruptcy (Babu Decl. ¶ 23). After defendant failed to provide contribution reports or make contributions allegedly owed, plaintiffs filed this action to collect the delinquent contributions.[1]

The complaint alleges the following facts. Under the bargaining agreement, defendant is required regularly to pay the benefit plans, the bargaining-agreement plans and the union certain sums of money determined according to the hours worked by defendant's employees. Defendant further agreed to pay liquidated damages for delinquent contributions. Plaintiffs allege that defendant thus has a contractual duty timely to pay the required contributions as well as a statutory duty to make the payments under ERISA.

Defendant, the complaint alleges, failed to report or pay contributions due for work performed by its employees during the months of June 2007 through April 2008. Plaintiffs have received check stubs from the employees for portions of that time period. Defendant also allegedly failed to provide a $10,000 bond it was required to provide under the bargaining agreement in order to guarantee payment of fringe benefits.

Defendant's refusal to make the required contributions and to submit the accompanying reports, the complaint further alleges, was unjustified and was willful. It has reduced the corpus of the ERISA plans, the bargained plans and the operating ability of the union, thereby impairing plaintiffs' ability to provide benefits to members and beneficiaries.

Plaintiffs filed suit in September 2008. The complaint alleges that defendant's obligations under the bargaining agreement are ongoing, and that defendant continues to breach the agreement. It seeks the unpaid contributions, liquidated damages, interest at a rate set by the bargaining agreement, as well as attorney's fees, costs and injunctive relief.

---

[1] Claims against defendant Raines were voluntarily dismissed without prejudice.

2

Service of the summons and complaint was effectuated October 31, 2008, and plaintiffs filed proof of service with the Court November 5, 2009. The proof of service indicates that "substituted service" was executed on a John Doe "apparently in charge at the place of business," and that the summons, complaint and other documents were also sent by first-class mail (Dkt. No. 10). Service was executed on a California address on file with the California Secretary of State for defendant (as well as an address of former-defendant Raines). Moreover, counsel for plaintiffs served the request for entry of default on three California addresses for defendant (Babu Decl. ¶¶ 21–25).

Defendant has nevertheless failed to file a responsive pleading or otherwise appear in or respond to this lawsuit. The Clerk filed a notice of entry of default against ACT in January 2009. Plaintiffs now move for the entry of a default judgment against ACT pursuant to Rule 55. Plaintiffs seek judgment in the amount of $59,245.05 plus ongoing interest — consisting of $34,753.98 for the unpaid contributions; $6,950.80 in liquidated damages; $3,915.00 in interest through April 16, 2009; $12,958.00 in attorney's fees; $667.27 for the costs of suit.

**ANALYSIS**

A defendant must serve an answer within 20 days of being served with the summons and complaint. FRCP 12(a)(1). According to FRCP 55(b)(2), a plaintiff can apply to the Court for a default judgment against a defendant that has failed to plead or otherwise defend. Default judgments are, however, generally disfavored. "Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted). The trial court has the discretion to grant the application. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, a trial court must consider the following factors when deciding whether or not to grant a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions

3

on the merits. *Eitel*, 782 F.2d at 1471–72. For the following reasons, these factors favor entry of default judgment against defendant ACT.

### 1. MERITS AND SUFFICIENCY OF THE COMPLAINT.

With respect to determining liability and entry of default judgment, the general rule is that well-pled allegations in the complaint regarding liability are deemed true (except for the amount of damages). *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, this order finds that *Eitel* factors two, three, and five weigh in favor of the entry of default judgment against defendant ACT. There is no dispute concerning material facts. The well-pled allegations in plaintiff's complaint regarding liability are treated as true.

The well-pled facts establish the merits of plaintiff's case against ACT. ERISA provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. 1145. The well-pled facts establish that defendant has failed to report or make contributions owed for hours worked between June 2007 as April 2008, as required by the bargaining agreement and ERISA. Judgment will be entered in plaintiffs' favor for the contributions. Defendant is also ordered to provide the required contribution reports for the period June 2007 through April 2008 within **TWENTY-ONE CALENDAR** of the date of entry of this order.

ERISA further provides:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*     \*     \*
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--

4

> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant

29 U.S.C. 1132(g). The well-pled allegations establish that unpaid contributions existed at the time this lawsuit was filed. They also establish that defendant owed liquidated damages under the bargaining agreement and plan. Plaintiffs seek liquidated damages no greater than twenty percent of the unpaid contributions, as required by Section 1132(g)(2)(C). Finally, pursuant to this section as well as the bargaining agreement and trust agreement, plaintiffs are entitled to interest through March 2009 on the unpaid contributions and liquidated damages (*see* Babu Decl. ¶ 9). Judgment will be entered in plaintiffs favor for these amounts as well as for attorney's fees and costs.

Plaintiffs also request an order that defendant submit to an audit of its records so that plaintiffs can accurately determine the amount of contributions and other sums ACT is required to pay. Under the trust agreement, defendant is obligated to submit to an audit of its records from January 1, 2005, through the date of termination of the bargaining agreement (Babu Decl. ¶ 10). Plaintiffs contend that the instant motion is based only on earnings statements submitted employees, *i.e.*, from June 2007 to September 2008 (the filing of this lawsuit). They further contend that their auditors have requested that ACT submit to an audit of its records from January 1, 2005, through the date of termination of the bargaining agreement, and ACT refused. Plaintiffs seek an audit so that they can determine any further sums that ACT is required to pay. Plaintiffs also indicate that they reserve the right to amend or supplement these moving papers as necessary to obtain judgment for any additional sums found to be due through the date of judgment or thereafter.

Section 1132(g)(2)(E) states that, in addition to the above-described remedies, courts may grant "such other legal or equitable relief as the court deems appropriate." Defendant is hereby ordered to comply with its obligation to allow an audit of its records within **TWENTY-ONE CALENDAR DAYS** of the date of personal service of this order.

5

### 2. REMAINING FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. *First*, if the motion were denied, plaintiffs may be unable to recover and provide the contributions owed to beneficiaries and members. *Second*, it is unlikely that default was the result of excusable neglect. When defendant failed to report or pay the contributions for the period at issue, the complaint alleges, demand was made on defendants for the delinquent contributions and liquidated damages. Plaintiff filed the complaint more than six months ago and served defendant more than three months ago. *Third*, although federal policy favors decisions on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant has failed to plead or otherwise defend.

*Fourth*, the sum of money at stake in this action is not unreasonable in light of the allegations in the complaint. In general, default judgment is disfavored where a large sum of money is involved. *See Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when considered in light of the parties dispute as to material facts, supported decision not to enter default judgment). In their motion for default judgment, plaintiffs seek a total of $59,245.05, which pales in comparison to the amount mentioned in *Eitel*. This factor favors entry of default judgment.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment against defendant Advanced Concrete Technologies, Inc. is **GRANTED** in the amount of $59,245.05. Post-judgment will accrue at the statutory rate. Plaintiffs are ordered personally to serve a copy of this order to Advanced Concrete Technologies within **TEN CALENDAR DAYS**. Within **TWENTY-ONE DAYS** of the date of personal service of this order, defendant is ordered to provide the required contribution reports for the period June 2007 through April 2008 and to comply with its obligation to allow an audit of its records.

**IT IS SO ORDERED.**

Dated: April 27, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6